# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE: | In Proceedings
Under Chapter 13

Douglas E. Hunt

Case No. 14-30603

Debtor.

## OPINION

This matter is before the Court on debtor Douglas E. Hunt's ("Debtor") motion to vacate this Court's order granting relief from the automatic stay, provided by 11 U.S.C. § 362,[1] or, in the alternative, to re-impose the automatic stay. Debtor's motion implicates Federal Rules of Bankruptcy Procedure 9023 and 9024.[2] For the reasons stated below, Debtor's motion is denied.

The relevant facts of this contested matter are not in dispute. CNB Bank & Trust, N.A. ("CNB") holds a perfected security interest in nearly all of the property of the bankruptcy estate. Specifically, at the time of the filing of the petition, CNB held a security interest in a farm located in Jersey County, IL, all of Debtor's personal property, including the proceeds of sale of personal property held in escrow by Hilltop Auction & Banquet Center, LLC ("Hilltop"), and rent payable by Sinclair Cedar Ridge Farms, Inc. ("Sinclair"), the tenant of the farm.

After filing his petition for relief under Chapter 13 of the Bankruptcy Code, Debtor filed two adversary proceedings seeking turnover of the aforementioned auction proceeds and rent from Hilltop and Sinclair, respectively. *See Hunt v. Hilltop Auction and Banquet Center LLC (In*

---

[1] All statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and will hereinafter be referred to as "§ (section number)."
[2] All references to the Federal Rules of Bankruptcy Procedure will be hereinafter referred to as "Bankruptcy Rule (rule number)." Any other references to rules are to the Federal Rules of Civil Procedure and will hereinafter be referred to as "Rule (rule number)" or "Rule (rule number) of the Federal Rules of Civil Procedure."

1

*re Hunt)*, Adv. 14-3032; *Hunt v. Sinclair Cedar Ridge Farms Inc. (In re Hunt)*, Adv. 14-3033. The Court issued default judgments in both adversary proceedings against Hilltop and Sinclair. Debtor and CNB entered into stipulations, approved by the Court, requiring turnover of the auction proceeds and rent to CNB within fourteen days of any order approving the stipulations. Both stipulations provided instructions as to how CNB was to apply the funds.

When the proceeds and rent were not remitted to CNB in accordance with the stipulations, CNB, pursuant to § 362(d), filed a motion for relief from the automatic stay provided by § 362(a) as to all of its collateral. Debtor did not object or in any way respond to CNB's motion. The Court granted the motion for relief from stay, thereby allowing CNB to enforce its security interest and deeming the collateral abandoned from the bankruptcy estate. *Order Lifting Automatic Stay and Abandonment of Property*, Case No. 14-30603 (October 22, 2014). After the stay was lifted, CNB received payment in accordance with the stipulations.

Nineteen days after the Court ordered the stay lifted, Debtor filed the motion presently before the Court to vacate that order or, in the alternative, to re-impose the automatic stay. Debtor's motion, which contains no citation to a particular rule or statute as grounds for his request, states that the auction proceeds and rent were not paid to CNB because an officer of CNB and one of its attorneys misinformed Debtor as to the proper application of the proceeds and rent and whether they should be temporarily held in escrow. *Debtor's Motion to Vacate Order Granting Relief from Stay or in the Alternative to Reimpose Stay Regarding Real Property Located in Jersey County Illinois*, Case No. 14-30603 (November 10, 2014), at 1-2. Debtor also suggests that now that the rent and proceeds were remitted to CNB the stay should not remain lifted. *Id.* at 2. CNB filed a response in opposition to Debtor's motion. *See CNB Bank & Trust, N.A.'s Response to Debtor's Motion to Vacate Order Granting Relief from Stay or in the*

*Alternative to Reimpose Stay Regarding Real Property Located in Jersey County*, Case No. 14-30603 (November 26, 2014).

A hearing was held and the parties were given the opportunity to file authority in support of their respective positions. Debtor's brief contains an explanatory list of cases purportedly supporting the assertion "that the Court may reimpose the stay on motion under Bankruptcy Rule 9024 . . . ." *Debtor's Memorandum of Authorities in Support of Debtor's Motion to Vacate Order Granting Relief from Stay or in the Alternative to Reimpose Stay Regarding Real Property Located in Jersey County Illinois*, Case No. 14-30603 (December 22, 2014), at 1-2. CNB's reply brief asserts that Debtor has failed to establish relief under Bankruptcy Rules 9023 or 9024. *CNB Bank & Trust, N.A.'s Reply to Debtor's Memorandum in Support of Motion to Vacate*, Case No. 14-30603 (January 2, 2015), at 1-2. According to CNB, Debtor's only other option for relief is through re-imposition of the stay pursuant to 11 U.S.C. § 105(a), which, it argues, Debtor has also failed to establish. *Id.* at 2-3.[3]

The issue presented in this contested matter is whether Debtor has established the grounds required by Bankruptcy Rules 9023 or 9024 for vacating the Court's order lifting the automatic stay.

Judicial orders may be vacated pursuant to Bankruptcy Rules 9023 and 9024. Bankruptcy Rule 9023, which incorporates Rule 59 of the Federal Rules of Civil Procedure, permits a new trial or an alteration of or amendment to a judgment. However, a motion under Bankruptcy Rule 9023 must be made "no later than 14 days after entry of judgment." Debtor's motion to vacate was filed nineteen days after the Court's order lifting the automatic stay. Therefore, Bankruptcy Rule 9023 relief is not available to Debtor.

---

[3] Although CNB made reference to § 105, because Debtor has not made a specific reference to that section, this Court will not discuss its effect on re-imposition of the automatic stay.

Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure. Rule 60(b) sets forth the following six bases for relieving a party from a court's order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Under Rule 60(c)(1), a motion under Rule 60(b) must be made within a year after the entry of the order for subparagraphs (1), (2), and (3), and "within a reasonable time" for the other subparagraphs.

Debtor has failed to satisfy any of Rule 60(b)'s six bases. As for subparagraph (1), the order lifting the stay was not the product of mistake, inadvertence, surprise, or excusable neglect. The proceeds and rent from the two adversary proceedings were not paid to CNB in accordance with the stipulations and Debtor did not object to the request to lift the automatic stay. Only *after* the order lifting the stay was entered did Debtor pay the proceeds and rent to CNB.

As for subparagraph (2), there is no newly discovered evidence that would impact the order lifting the stay. What *is* new is that after the order lifting the stay was entered, the proceeds and rent were paid to CNB. This, however, is not new evidence; it is a change of events.

Subparagraph (3) of Rule 60(b) provides that a party may receive relief from an order due to fraud, misrepresentation, or misconduct by the opposing party. Subparagraph (3) is the only

4

basis for vacating the order lifting the stay that Debtor comes close to referencing in his motion when he states that "upon information and belief, the payments were overdue because of misinformation supplied by an officer of CNB Bank and its [a]ttorney . . . regarding the proper application of the payments and whether the proceeds should be held in escrow pending further order from the State Court." *Debtor's Motion to Vacate*, at 1-2. Debtor's attorney made the same allegation at the hearing on the motion to vacate, but did not elaborate. Hearing at 9:13, Case No. 14-30603. Debtor's allegation *could* form the basis for fraud; however, no evidence of fraud was offered at the hearing on this contested matter, and Debtor did not even use the term "fraud," much less substantiate the claim that CNB and one of its attorneys supplied misinformation to Debtor, in his motion, brief, or at the hearing. Therefore, Debtor has not established grounds for relief under subparagraph (3).

As for subparagraphs (4) and (5), the order lifting the stay is not void, nor has Debtor alleged as such. Therefore, Debtor cannot claim relief under subparagraph (4). Subparagraph (5) of Rule 60(b) provides relief if "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . ." Upon first glance, this subsection might support the conclusion that because the proceeds and rent were ultimately paid to CNB the order has been satisfied. But that is not the proper reading. The order lifting the stay did not order Debtor to pay the proceeds and rent to CNB; it ordered the automatic stay lifted. Therefore, subparagraph (5) is not applicable.

The last basis for relief under Rule 60(b) is subparagraph (6), which relieves a party from an order or judgment for "any other reason that justifies relief." This is a broad catchall provision that must be interpreted in the context of Rule 60(b)'s other subparagraphs. With the exception of subparagraph (5), the basis for setting aside a judgment under Rule 60(b) requires some pre-

judgment act that impacts the judgment. While subparagraph (5) allows for relief based on events occurring after the judgment is entered, it is based on the concept that a post-judgment event satisfies the dispute between the parties. As previously noted, however, the order lifting the automatic stay is not satisfied by the payment of the proceeds and rent to CNB. Once the automatic stay was lifted, CNB was entitled to proceed against all property in which it held a valid security interest, not just the proceeds and rent from the two adversary proceedings.

Therefore, Debtor has not satisfied the grounds required to vacate this Court's order lifting the automatic stay pursuant to Bankruptcy Rules 9023 or 9024.

In conclusion, it is prudent for this Court to add a short discussion about what this matter does not concern. CNB argued that the order lifting the automatic stay should not be vacated because Debtor's pending Chapter 13 plan is not confirmable. *See CNB Bank & Trust, N.A.'s Response to Debtor's Motion*, at 6. The issue before this Court, however, concerns the automatic stay and arises under § 362. To consider whether Debtor's plan is confirmable under § 1325 will only serve to muddy or confuse the issues raised by Debtor's motion and would only warrant consideration if the Court vacated the order lifting the automatic stay and held a hearing on CNB's motion to modify the automatic stay.

For the reasons set forth above, Debtor's motion to vacate this Court's order lifting the automatic stay or, in the alternative, to re-impose the automatic stay, is denied.

SEE ORDER ENTERED THIS DATE.


ENTERED: February 12, 2015

/s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE-7